REQUESTED BY: Margaret L. Higgins, Director of Department of Motor Vehicles
1. Does the Nebraska Administrative Procedure Act, Neb.Rev.Stat. § 84-913 through 84-919 (1987 Supp. and Laws 1988, LB 352), provide a party dissatisfied with a Department of Motor Vehicles decision the right to an agency hearing that can be exercised before that party's right to appeal the decision under Neb.Rev.Stat. §60-420 (Laws 1988, Leg. Bill 352)?
2. Does the Nebraska Department of Motor Vehicles have to provide a hearing to a person who is denied a driver's license because of
(a) substandard vision,
(b) substandard physical qualifications,
(c) substandard driving skills,
(d) substandard knowledge of the Nebraska Rules of the Road,
(e) communications deficiencies, or
(f) insufficient identification?
3. Does the Nebraska Administrative Procedure Act, Neb.Rev.Stat. §84-913 through 84-919 (1987 Supp. and Laws 1988, LB 352), provide a party dissatisfied with a Department of Motor Vehicles decision to revoke or suspend a driver's license or a non-resident's driving privilege a right to an agency hearing that can be exercised before that party's right to appeal under Neb.Rev.Stat. § 60-503 (Reissue 1984 and Laws 1988, LB 352)?
1. No. The revisions to the Nebraska Administrative Procedure Act do not create any new substantive rights; they only create a uniform appeal procedure for administrative agencies.
2. No.
3. No.
Nebraska's Administrative Procedure Act (APA) applies to state agencies that are either a "board, commission, department, officer, division, or other administrative office or unit of the state government authorized by law to make rules and regulations. . . ." Neb.Rev.Stat. § 84-901(1) (1987 Supp.). If an agency is authorized by law to make rules and regulations then it must follow procedures that meet or exceed the minimum proscribed procedures of the APA. Also, if an agency is covered by the APA, then it must provide for a hearing in contested cases after reasonable notice. See Neb.Rev.Stat. § 84-913 (1987 Supp.).
This opinion will not be concerned with procedures for adopting, amending or repealing rules and regulations. Instead, it will be concerned with the requirement of a hearing in the event of a contested case. A contested case is defined to be "a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." Neb.Rev.Stat. § 84-901(3) (1987 Supp.). This definition states that there must be a statute or constitutional provision that gives an aggrieved party a right to an agency hearing to determine that party's legal rights, duties, or privileges in order for there to be a contested case. If such a statute or constitutional provision does not exist, then the procedures for handling contested cases under the Administrative Procedure Act do not apply.
Nebraska law provides for the examination of applicants and the issuance of driver's licenses to persons who have
1. sufficient power of eyesight,
2. no mental or physical deficiencies that preclude their safely operating a motor vehicle,
3. attained the age of sixteen years, and
4. adequate identification; that is, "a learner's permit, a school permit, a birth certificate, a valid operator's license from another state, military papers, immigration papers, alien registration papers," etc. See Neb.Rev.Stat. § 60-407 (1987 Supp.) Those Nebraska residents who meet the above criteria have the right to apply for a Nebraska driver's license. Such persons will be examined to determine that they have adequate knowledge of the Nebraska Rules of the Road and the National Highway Safety Council's regulatory, cautionary, and informational signs, signals and road markings. If necessary, such applicants will also be examined to determine their ability to successfully operate a motor vehicle. If the applicant passes the examination, the privilege to operate a motor vehicle on the roads and highways of Nebraska will be extended to him/her. The word privilege is used here because no statutory or constitutional right is given to citizens to operate a motor vehicle. Nor does the state have a duty to allow its citizens to operate a motor vehicle. In fact, the state extends this privilege to those applicants who satisfactorily meet its requirements and pass its examination with the proviso that the licensee must act responsibly to continue to merit having the privilege to operate a motor vehicle. If the licensee drives recklessly, or while under the influence of alcohol or drug, the licensee will forfeit the privilege to drive. If the licensee ceases to meet the requirements to safely operate a motor vehicle, namely, becomes visually, physically or mentally incapable of operating a motor vehicle safely, the licensee will forfeit the privilege to drive. Assuming a licensee acts responsibly on the roads and continues to meet driving safety requirements, the licensee may continue to enjoy the driving privilege until the driver's age is evenly divisible by four (4). In the year in which the licensee's age is evenly divisible by four and each fourth year thereafter in which the licensee's license expires, the licensee must again successfully pass a driver's examination and meet the requirements to safely operate a motor vehicle.
As the above discussion indicates, the privilege to operate a motor vehicle in Nebraska is contingent on the licensee acting responsibly while operating a motor vehicle and by the licensee continuing to meet the requirements to safely operate a motor vehicle. If the licensee fails to meet either contingent, the driving privilege will be forfeited. See Neb.Rev.Stat. § 60-407(1) (1987 Supp.).
Neb.Rev.Stat. § 60-420, 60-503 (Laws 1988, Leg. Bill 352) provide that persons who are aggrieved by the refusal of the department of motor vehicles to either issue them a license or reinstate a revoked or suspended license may appeal the department's decision to the district court in the district where the application was made or in the county where the aggrieved party resides. These subsections do not give a right to an agency hearing before the appeal to the district court is taken. Hence, they do not serve as a basis of a contested case as defined by Neb.Rev.Stat. § 84-901(3) (1987 Supp.). And, since there is no explicit constitutional provision that gives parties aggrieved by a department of motor vehicle act or order a right to an agency hearing, the hearing of contested cases subsections of the APA are not applicable.
Since no statutory or constitutional authority exist for a Department of Motor Vehicles hearing of an aggrieved party's claims, it is not required that the Department of Motor Vehicles provide an agency hearing when it refuses to issue a driver's license or reinstate a suspended or revoked driver's license.
What Legislative Bill 352 (Laws 1988) does is create a uniform appeal procedure for all administrative agencies. It does not give a right to an agency hearing. For example, Neb.Rev.Stat. § 48-634 (Reissue 1984) provides persons who are aggrieved by a Department of Labor act or order a right to an administrative appeal; this administrative appeal is an agency hearing. If the party is dissatisfied with the outcome of the administrative hearing, an appeal to the district court may be taken in accordance with the APA. See Neb.Rev.Stat. § 48-638 (Laws 1988, Leg. Bill 352). There is no statute for the Department of Motor Vehicles that is comparable to the administrative hearing statute for the Department of Labor, Neb.Rev.Stat. §48-634 (Reissue 1984). However, the statute that provides for appeals of Department of Labor decisions to the district court is comparable to the statute that provides for appeal of Department of Motor Vehicles decisions to the district court; both use the APA appeal procedures of Neb.Rev.Stat. § 84-917 (Laws 1988, Leg. Bill 352). This example illustrates the purpose and effect of Legislative Bill 352; it creates a uniform appeal procedure for administrative agencies but it does not create any substantive rights.
Sincerely,
ROBERT M. SPIRE Attorney General
David Edward Cygan Assistant Attorney General